IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE ESTATE OF WILLIAM J. NEFF, | : | CIVIL ACTION |
| By and through the Administrator of the | : | |
| Estate, JOYCE A. LANDAUER, | : | |
| | : | |
| Plaintiff, | : | NO. 05-CV-01421 |
| | : | |
| v. | : | |
| | : | |
| ALTERRA HEALTHCARE | : | |
| CORPORATION, et al., | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM**

BUCKWALTER S. J.                                                                                                November 30, 2006

Presently before the Court is Plaintiff's, The Estate of William J. Neff ("Neff"), Motion for Summary Judgment (Docket No. 32) and all responses thereto; Defendant's, Liberty Surplus Insurance Corporation ("Liberty"), Motion for Summary Judgment (Docket No. 29) and all responses thereto; and Defendant's, American Empire Surplus Lines Insurance Company ("American"), Motion for Summary Judgment (Docket No. 28) and all responses thereto. For the reasons set forth below, Liberty's Motion and American's Motion are granted.

**I.      BACKGROUND**

On September 5, 2000, William J. Neff was a resident of Clare Bridge of Lower Makefield ("Clare Ridge"). (Pl.'s Decl. J. Compl. ¶12). Clare Bridge was an assisted living facility located in Yardley, Pennsylvania. (Pl.'s Decl. J. Compl. ¶5). Clare Bridge was owned, operated, and managed by Alterra Healthcare Corporation ("Alterra") (Pl.'s Decl. J. Compl. ¶5).

On or about September 5, 2000,[1] while in the care of Heidi Tenzer, an employee of Alterra, Mr. Neff was badly injured. (Pl.'s Decl. J. Compl. ¶13). Mr. Neff's injuries consisted of multiple rib fractures and a lung puncture. (Pl.'s Decl. J. Compl. ¶14). During the next three days, other Alterra Employees became aware of the injuries to Mr. Neff because of an extremely large bruise on Mr. Neff's side which would have been visible during routine care. (Pl.'s Decl. J. Compl. ¶15). However, none of Alterra's employees treated or reported Mr. Neff's injuries to his physician or his family. (Pl.'s Decl. J. Compl. ¶16). On September 11, 2000, Mr. Neff died as a result of the broken ribs and pneumothorax caused by a fractured rib puncturing his lung wall. (Pl.'s Decl. J. Compl. ¶17). Following Mr. Neff's death, Heidi Tenzer was convicted of criminal charges and three other Alterra Employees pled guilty to neglect of a care dependent person. (Pl.'s Decl. J. Compl. ¶19-20).

On March 28, 2005, the Plaintiff filed a declaratory judgment complaint to determine the availability and applicability of Alterra's insurance policies because Liberty and American both denied coverage. Alterra's primary insurance policy was provided through Liberty[2] and Alterra's first excess insurance policy was provided through American.[3] (Pl.'s Decl. J. Compl. ¶24-25). Liberty and American denied coverage stating that it was precluded because

---

1. There is some discrepancy as to when Ms. Tenzer injured Mr. Neff. The other dates reported to the Court include September 3, 2000 and September 4, 2000. (Def. Liberty's Brief (Docket No. 29) pg. 2). However, this discrepancy is not material to the Court's determination of the cross motions for summary judgment.

2. Policy Number: RGE-W41-004342-020; Effective Dates: July 1, 2000 through July 1, 2001. (Pl.'s Decl. J. Compl. ¶24).

3. Policy Number: 0-CX-0-62-56; Effective Dates: July 1, 2000 through July 1, 2001. (Pl.'s Decl. J. Compl. ¶25).

their policies each contained an Abuse or Molestation Exclusion endorsement.[4]  (Liberty's Brief Docket No. 29-1 at 14-21 and American's Memorandum Docket No. 28-12 at 3-4).   Since then the Defendants, Liberty and American, have each filed motions for summary judgment.  Following the Defendants' motions for summary judgment, the Plaintiff filed a motion for summary judgment.

**II.  STANDARD OF REVIEW**

A motion for summary judgment will be granted where all of the evidence demonstrates "that there is no genuine issue as to any material fact and that the nonmoving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56 (c).  A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  Since a grant of summary judgment will deny a party its chance in court, all inferences must be drawn in the light most favorable to the party opposing the motion.  U.S. v. Diebold, Inc., 369 U.S. 654, 655 (1962).

---

4. Abuse or Molestation Exclusion:
The following exclusion is added to Paragraph 2., Exclusions of Section I - Coverage A - Bodily Injury And Property Damage Liability and Paragraph 2., Exclusions of Section I - Coverage B - Personal And Advertising Injury Liability:
This insurance does not apply to "bodily injury", "property damage" or "personal and advertising injury" arising out of :
1.  The actual or threatened abuse or molestation by anyone of any person while in the care, custody or control of any insured or
2.  The negligent:
        a.  Employment;
        b.  Investigation;
        c.  Supervision;
        d.  Reporting to the proper authorities, or failure to so report; or
        e.  Retention:
of a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by Paragraph 1. above.  (Pl's Ex. A Part 4 NEFF LS000767 (Docket No. 34-5)).

The ultimate question in determining whether a motion for summary judgment should be granted is "whether reasonable minds may differ as to the verdict." Schoonejongen v. Curtiss-Wright Corp., 143 F.3d 120, 129 (3d Cir. 1998). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248.

**III. DISCUSSION**

    **A. Choice-of-law**

A threshold issue for the Court is whether Pennsylvania law, Wisconsin law, or Massachusetts law applies to the present case. The Plaintiff contends that Massachusetts law should apply, while the Defendants maintain that there is no choice of law question.

In order to resolve this issue, a federal court sitting in diversity must apply the forum state's choice of law rules. LeJeune v. Bliss-Salem, Inc., 85 F.3d 1069, 1071 (3d Cir. 1996) (citing Klaxson v. Stentor Elect. Mfg. Co., 313 U.S. 487, 496 (1941)). Therefore, Pennsylvania choice of law rules apply in this case. Pennsylvania applies a two-part analysis to resolve choice of law questions. First, the court must determine whether the conflict is a false conflict or a true conflict. LeJeune, 85 F.3d at 1071. A false conflict exists "where the application of either state's law renders the same result." Williams v. Terex-Telelect, Inc., No. 01-CV-3770, 2003 U.S. Dist. LEXIS 9733, at *3 (E.D. Pa. May 19, 2003) (citing Lacey v. Cessna Aircraft Co., 932 F.2d 170, 187 (3d Cir. 1991)). By contrast, a true conflict "exists when applying the law of the one state frustrates the intent of the other state's law." Williams, 2003 U.S. Dist. LEXIS, at *3. Second, if there is a true conflict between the laws of two or more states, then the court must determine which state has the greater interest in the application of its law. Id. at *3-4.

### 1. False Conflict

The Court has determined that there is a false conflict because the laws of Pennsylvania, Wisconsin, and Massachusetts would render the same result — give effect to the abuse or molestation exclusion. The case law[5] of all three jurisdictions support determinations that give effect to abuse or molestation exclusions. Under such provisions, injuries that occur and fall within the exclusion preclude coverage under the policy.

### 2. True Conflict

Although the Court has determined there is a false conflict, it will briefly address a true conflict of laws analysis[6] for completeness. In this case, the state with the most significant relationship to the action is Pennsylvania. Pennsylvania has the most significant relationship to

---

5. Cases:

Pennsylvania Case:
Children's Aid Society v. Great American Insurance, No. 91-7778, 1995 U.S. Dist. LEXIS 5591, at *9 (E.D. Pa. April 28, 1995) (explaining that an abuse or molestation exclusion precluded coverage under the liability insurance for bodily injury suffered by a foster child at the hands of the child's foster parents).
Wisconsin Case:
Saunders v. Sperry, No. 98-2929, 1999 Wis. App. LEXIS 493, at *4-5 (4d Cir. 1999) (discussing that the physical or mental abuse exclusion applied and therefore, the shaking of a baby in the care of the homeowner is not covered under the homeowner's insurance policy).
Massachusetts Case:
Hillcrest Educational Centers, Inc. v. The Continental Insurance Co., No CA936777, 1995 WL 809961, at * 2-3 ( Mass. Super. March 28, 1995) (noting the liability insurance contained an exclusion which did not provide coverage for injury that occurred out of intentional, actual, alleged, attempted, or proposed sexual abuse or molestation by any person; therefore, the rape of a resident was not covered under the policy).

6. If a true conflict exists a court must first determine what governmental interests states intended to further in adopting their respective legal principles. Parker v. State Farm Ins. Co., 543 F. Supp. 806, 809 (3d Cir. 1982). Next, a court will "examine the contacts existing between the action and each of the interested states, and determine which state bears the most significant relationship to the action." Id. at 809. The following contacts are taken into account:
(a) the place of contracting
(b) the place of negotiation of the contract,
(c) the place of performance,
(d) the location of the subject matter of the contract, and
(e) the domicile, residence, nationality, place of incorporation and place of business of the parties. Id. at 809.

the action because Mr. Neff was a resident of Pennsylvania, Clare Bridge was located in Pennsylvania, and the injury took place in Pennsylvania.  Moreover, there was no choice of law provision provided in the insurance contract.  Therefore, courts look to where the parties would likely have understood the principal location of the insured risk.  Restatement (Second) of Conflict of Laws § 193 (1971).  In this case, the principal location of the insured risk was Pennsylvania because that is where Clare Bridge was located.  As previously stated, Alterra operated Clare Bridge.  (Pl.'s Decl. J. Compl. ¶5).  Alterra obtained insurance to insure the healthcare facilities it operated.  Thus, the insurance policy was intended to insure Clare Bridge which was located in Pennsylvania.

    **B.  Summary Judgment**

As previously stated, a motion for summary judgment will be granted where all of the evidence demonstrates "that there is no genuine issue as to any material fact and that the nonmoving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56 (c).  Also under Pennsylvania law, when interpreting an insurance policy, this Court must read the policy in its entirety, giving the words their plain and proper meanings.  <u>Stout v. Universal Underwriters Ins. Co.</u>, 467 A.2d 18, 21 (Pa. Super. 1983); <u>Monti v. Rockwood Ins. Co.</u>, 450 A.2d 24, 25  (Pa. Super. 1982).

In this case, the Defendants argue that they have no obligation to provide coverage because their insurance policies contain an Abuse or Molestation Exclusion endorsement.  After carefully reading the policy in its entirety, the Court agrees that the Abuse and Molestation Exclusion endorsement applies.

In making its determination the Court first looked to see who was insured under the policy. According to the policy, the insured is "an organization other than a partnership, joint venture or limited liability company."[7] (Pl.'s Ex. A Part 3 NEFF LS000716, Section II 1d.).[8] Additionally, the policy insures employees for acts within the scope of their employment or while performing duties related to the business. (Pl's Ex. A Part 3 NEFF LS000716, Section II 2a)[9]. However, the policy specifically states that no employee is insured for bodily injury "arising out of his or her providing or failing to provide professional health care services." (Pl's Ex. A Part 3 NEFF LS00716, Section II 2a 1d)[10]. Under the plain meaning of this contract, employees[11] of Alterra are not insured for their neglectful actions. Since the Alterra employees acted neglectfully by failing to report Mr. Neff's injuries to the proper authorities their conduct falls within the Abuse or Molestation Exclusion. (See Footnote 4). The Abuse or Molestation Exclusion contained in both Liberty and American insurance policies, precludes coverage. Thus, Mr. Neff's Estate is not entitled to recover under the policies.

**IV. CONCLUSION**

---

7. Alterra Healthcare Partnership is the named insured. (Pl.'s Ex. A Part 3 NEFF LS000705 (Docket No. 34-3)). Alterra is a Delaware corporation with its principal place of business and headquarters in Wisconsin. (Pl.'s Decl J. Compl. 4).

8. Docket No. 34-4.

9. Docket No. 34-4.

10. Docket No. 34-4.

11. Alterra Employees Ann McClintok, Patricia Policino and Julia Pearson pled guilty to Neglect of a Care Dependent person and were sentenced to probation. (Pl.'s Decl. J. Compl. ¶20). See also, Docket No. 29-2 exhibit J, Guilty Plea Transcript at 10-11.

For the reasons stated above, Defendants', Liberty and American, Motions for Summary Judgment are granted, Plaintiff's Motion for Summary Judgment is denied. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE ESTATE OF WILLIAM J. NEFF, | : | CIVIL ACTION |
| By and through the Administrator of the | : | |
| Estate, JOYCE A. LANDAUER, | : | |
| | : | |
| Plaintiff, | : | NO. 05-CV-01421 |
| | : | |
| v. | : | |
| | : | |
| ALTERRA HEALTHCARE | : | |
| CORPORATION, et al., | : | |
| | : | |
| Defendants. | : | |

## ORDER

AND NOW, this 30th day of November 2006, upon consideration of Plaintiffs' Motion for Summary Judgment (Docket No. 32) and all responses thereto, Defendant Liberty's Motion for Summary Judgment (Docket No. 29) and all responses thereto, Defendant American's Motion for Summary Judgment (Docket No. 28) and all responses thereto, it is hereby **ORDERED** that Plaintiffs' motion is **DENIED**. Upon consideration of Defendants', Liberty and American, Motions for Summary Judgment and Plaintiff's Opposition to Motions for Summary Judgment, it is hereby **ORDERED** that Defendants' motions are **GRANTED**.

This case is **CLOSED**.

BY THE COURT:

/s/ Ronald L. Buckwalter
RONALD L. BUCKWALTER, S.J.